# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMIAH ORDOÑEZ,

      Petitioner,

vs.                                          No. CV 17-0997 JB\KK

KEN SMITH,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed October 2, 2017 (Doc. 1)("Petition"). Petitioner Jeremiah Ordoñez proceeds in forma pauperis. See Order at 1, filed July 26, 2018 (Doc. 5). The Court determines that Petitioner Jeremiah Ordoñez may have failed to fully exhaust his state court remedies, the one-year statute of limitations bars his claims, and he is not eligible for relief on the merits under 28 U.S.C. § 2254. The Court will dismiss the Petition and grant Ordoñez leave to file an amended petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Ordoñez was convicted in a bench trial of murder and possession of a firearm as a felon in New Mexico state court on January 5, 2009. See State v. Ordoñez, No. D-619-CR-2007-00217, State of New Mexico, County of Luna, Sixth Judicial District Court. Judgment was entered on the conviction on June 10, 2009. See State v. Ordoñez, Judgment, Sentence and Commitment (June 10, 2009). Ordoñez appealed his conviction to the Court of Appeals of New Mexico. In his direct appeal, Ordoñez argued: (i) that his counsel was ineffective for allowing him to waive his right to a jury trial; and (ii) that he was not competent to stand trial and could not assist in his own defense.

The Court of Appeals affirmed the conviction by Memorandum Opinion entered February 8, 2010. See State v. Ordonez, 2010 WL 3997930 at *1 (N.M. Ct. App. 2010)(unpublished).

In its Memorandum Opinion, the Court of Appeals of New Mexico rejected the ineffective assistance of counsel argument, concluding that "counsel's performance did not fall below that of a reasonably skilled attorney," and that "counsel's decisions were made for sound strategic and tactical reasons." State v. Ordonez, 2010 WL 3997930, at *1. The Court of Appeals of New Mexico also rejected his contention that he was not competent to stand trial. See 2010 WL 3997930, at *2. Before trial on the merits of his criminal charges, the state court conducted an evidentiary hearing on Ordonñez' competency, and made extensive findings of fact and conclusions of law, finding him competent to stand trial. The Court of Appeals of New Mexico affirmed the lower court's decision, relying on a behavioral health specialist's report, in which the specialist concluded that Ordoñez was competent, his test scores suggested symptom exaggeration and malingering, and he was likely feigning mental illness and engaging in disruptive and uncooperative behavior in an effort to have his charges dismissed. See 2010 WL 3997930 at *2-3. Ordoñez filed a petition for writ of certiorari to review the Court of Appeals' decision, which the Supreme Court of New Mexico denied on March 10, 2010. See State v. Ordonez, No. S-1-SC-3229.

Ordoñez did not file a New Mexico state Petition for Writ of Habeas Corpus until October 19, 2016. Ordoñez raised the same issues in his state habeas corpus petition that he had raised in his direct appeal. See Petition at 16-23. The State District Court summarily dismissed the petition on December 5, 2016, concluding that the Court of Appeals of New Mexico's prior determination of both issues was dispositive of the habeas corpus proceeding. See Ordoñez v. Martinez, Order Dismissing Petition for Writ of Habeas Corpus, D-619-CR-2007-00217 (December 5, 2016).

Ordoñez did not seek review of the dismissal of his habeas corpus petition in the Supreme Court of New Mexico.

Ordoñez then filed his Petition in this Court on October 2, 2017. In his Petition, Ordoñez challenges his state criminal convictions for murder in Case No. D-619-CR-2007-00217. See Petition at 1. Ordoñez states the grounds for his Petition as: "Ground One: Self-Defense Man tried to kill me"; and "Ground Two: City Law State Law A man tried to kill me." Petition at 6-8. In response to questions regarding post-conviction state proceedings, exhaustion of state court remedies, and statute of limitations, Ordoñez denies knowledge of the answers to the questions on the grounds that he is "mentally disabled," "mentally retarted," and "mentally not stable, slow, mentally." Petition at 3-7. His Petition does not contain any request for relief. See Petition 1 at 15.

Ordoñez' Petition also directs the Court to "SEE: ALL ATTACHMENTS." Petition at 6-8, 11. Attached to the Petition are: (i) his state court Petition for Writ of Habeas Corpus, see Petition at 16-23; (ii) a handwritten note regarding enclosure of the Judgment and Sentence in his criminal case, see Petition at 24; (iii) the state court's Commitment to Penitentiary, see Petition at 25-26, (iv) five pages of handwritten notes regarding mental health treatment and medical services administration, see Petition at 27-31; (v) an Order Suppressing Defendant's Statements in a separate state court criminal proceeding, see Petition at 32-33; and (vi) a partial copy of the Tenth Circuit's decision in Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), see Petition at 24-26. The attachments do not include the referenced copy of the state court's Judgment. The Court has reviewed, however, the official record of proceedings in cause No. D-619-CR-2007-00217 through the Supreme Court of New Mexico's official Secured Online Public Access ("SOPA"), and takes judicial notice of the records in that case. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5

(10th Cir. 2007)(stating that the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

## LAW REGARDING EXHAUSTION OF
## STATE COURT REMEDIES

Section 2254 provides:

[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). When a state prisoner challenges his custody and seeks relief from his state court conviction and sentence, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975). Before a prisoner may proceed on a habeas corpus petition in federal court, however, the prisoner must demonstrate that he has exhausted any remedies available in the state courts. Section 2254 states:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The issue of exhaustion of state court remedies is a threshold question that must be addressed in every habeas case. By statute, federal habeas relief is not available to a state prisoner

"unless it appears that the applicant has exhausted the remedies available in the courts of the State," there "there is either an absence of available State corrective process," or "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). Under § 2254(b), a prisoner in state custody must exhaust his available state court remedies before he may proceed with a habeas corpus petition in federal court. For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be "fairly presented to the state courts" in order to give state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012).

The general rule under 28 U.S.C. § 2254(b)(1) is that federal habeas corpus relief may not be granted unless the applicant has exhausted the remedies available in the state courts. The exhaustion requirement is satisfied only if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. See Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Federal courts are not to grant a writ of habeas corpus unless the prisoner has given the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. See Tanguma v. Golder, 177 F. App'x 829, 830 (10th Cir. 2006)(unpublished).[1] Before seeking a federal court remedy, then, a state prisoner must exhaust

---

[1]Tanguma v. Golder is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

his remedies in state court, demonstrate that there is an absence of available state remedies, or show that circumstances exist that render the state process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A habeas petitioner bears the burden of demonstrating that he or she has exhausted his available state remedies. See McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009).

The exhaustion doctrine began as a judicially crafted instrument, and Congress then codified the exhaustion rule in 1948. The doctrine reflects a careful balance between federalism's important interests, and the need to preserve the writ of habeas corpus as a "swift and imperative remedy in all cases of illegal restraint or confinement." Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 490 (1973)(quoting Sec'y of State for Home Affairs v. O'Brien, [1923] A.C. 603, 609 (H.L.)). While the exhaustion doctrine advances several interests, it is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Rose v. Lundy, 455 U.S. 509, 518 (1982); Deters v. Collins, 985 F.2d 789, 794 (5th Cir. 1993). Federal courts apply the exhaustion doctrine as a matter of comity. The federal court should defer action on causes properly within its jurisdiction until the courts of the forum state with concurrent powers, already cognizant of the litigation, have had an opportunity to pass upon the matter. See Rose v. Lundy, 455 U.S. at 518.

Because exhaustion is based on principles of comity, it is not jurisdictional. See Patterson v. Leeke, 556 F.2d 1168, 1170 (4th Cir. 1977). "Although there is a strong presumption in favor

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Farris v. Boraddus, 418 App'x 694, 696 (10th Cir. 2011)(unpublished); Tanguma v. Golder, 177 F. App'x 829, 830 (10th Cir. 2006), Sanders v. Mahaffey, No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000)(unpublished); Washington v. United States, No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000)(unpublished); and have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

of requiring a state prisoner to pursue his available state remedies, his failure to do so is not an absolute bar to appellate consideration of his claims." Granberry v. Greer, 481 U.S. 129, 131 (1987). Where state procedural obstacles preclude an effective state remedy against unconstitutional convictions, federal courts may grant relief in the collateral proceeding without requiring exhaustion. See Bartone v. United States, 375 U.S. 52, 54 (1963). See also Harris v. Champion, 15 F.3d 1538, 1554-55 (10th Cir. 1994); Hankins v. Fulcomer, 941 F.2d 246, 250 (3d Cir. 1991).

**LAW REGARDING**
**THE § 2254 STATUTE OF LIMITATIONS**

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, are governed by a one-year statute of limitations. See 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a petitioner files state habeas corpus petition. Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 219-20 (2002). See Holland v. Florida, 560 U.S. 631, 635, 638 (2010). Section 2244(d) bars petitions filed after the one-year period. See 28 U.S.C. § 2244(d).

The one-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused the failure to timely file. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. See Sanders v. Mahaffey, No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000)(unpublished); Washington v. United States, No. 99-

3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000)(unpublished); Miller v. Marr, 141 F.3d

976, 977-78 (10th Cir. 1998).

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.

Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf
> of a person in custody pursuant to the judgment of a State court only on the ground
> that he is in custody in violation of the Constitution or laws or treaties of the United
> States.

28 U.S.C. § 2254(a).   AEDPA's amended § 2254 limits federal courts' power to grant an

application for a writ of habeas corpus.  If, as in this case, the application includes a claim that a

state court adjudicated on its merits, § 2254(d) expressly limits federal court review.  Under

§ 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the
> claim:
>> (1)     resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly established Federal
>> law, as determined by the Supreme Court of the United States; or
>>
>> (2)     resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the evidence
>> presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)-(2).  Under this standard, a federal habeas court "reviews the specific

reasons given by the state court and defer to those reasons if they are reasonable."  Wilson v.

Sellers, 138 S. Ct. 1188, 1192 (2018).  The standard is highly deferential to the state court rulings

and demands that the state court be given the benefit of the doubt.  See Harrington v. Richter, 562

U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam).  The standard is

difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254.  See Cullen

v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court of the United States of America's decisions as of the time of the relevant state court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A state court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable. Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. See Harrington v. Richter. 562 U.S. at 102.

**ANALYSIS**

The Court concludes that, although Ordoñez may not have exhausted fully his state court remedies, the Court will review the entirety of his Petition on the merits. The Court further concludes that the one-year statute of limitations bars Ordoñez' claims, but even if the one-year statute of limitations did not bar his claims, Ordoñez is not eligible for relief under § 2254 on the merits. The Court will, however, grant Ordoñez leave to refile his habeas petition.

**I.     ORDOÑEZ MAY NOT HAVE EXHAUSTED FULLY HIS STATE COURT REMEDIES.**

Viewing his Petition and the attachments together, Ordoñez appears to assert three grounds for § 2254 relief: (i) self-defense; (ii) mental incompetency; and (iii) ineffective assistance of counsel. See Petition at 5-8, 16-22. From the state court record, it is apparent that Ordoñez raised mental incompetency and ineffective assistance of counsel in his direct appeal from the judgment on his conviction and sentence. See State v. Ordoñez, 2010 WL 3997930 (N.M. Ct. App. 2010). On March 10, 2010, the Supreme Court of New Mexico denied certiorari and declined to review the Court of Appeals of New Mexico's decision. See State v. Ordonez, NO 32,229, 2010-NMCERT-003, 138 N.M. 559. Ordoñez therefore exhausted his state court remedies with respect to the incompetency and ineffective assistance grounds. See Prendergast v. Clements, 699 F.3d at 1184.

On the other hand, it is not clear from either the federal Petition or the state court record whether Ordoñez ever presented a self-defense claim in his state criminal proceedings. His Petition indicates that he raised self-defense in his direct appeal to the Court of Appeals of New Mexico. See Petition at 2. The Court of Appeals of New Mexico's decision refers to failure to raise self-defense as part of his ineffective assistance of counsel claim. If Ordoñez presented his self-defense grounds to the Court of Appeals of New Mexico, and the Supreme Court of New

Mexico denied certiorari on that defense, then Ordoñez has properly exhausted his state court remedies as to all grounds asserted in his federal habeas Petition. See 28 U.S.C. § 2254(b)(1)(A).

Ordonez' state court habeas petition, however, characterizes his claim that someone tried to kill him and that he acted in self defense as a basis for his failure to appeal his conviction, and not as a grounds to set aside his conviction or sentence. See Petition at 19-20. As Ordoñez appealed his conviction and sentence, his contention that he did not appeal because someone tried to kill him is illogical, at best. In its decision, however, the Court of Appeals of New Mexico said that Ordoñez' "argument that counsel was ineffective for failing to raise self-defense . . . is a matter of trial strategy and tactics, which we will not second guess." State v. Ordonez, 2010 WL 3997930, at *1. Assuming that Ordoñez raised his self defense contention as part of his direct criminal appeal, it would appear he has exhausted his state court remedies. See Dever v. Kan. State Penitentiary, 36 F.3d at 1534.

Before Congress' enacted AEDPA, the Supreme Court directed federal district courts to dismiss habeas petitions involving a mix of exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. at 522. The Supreme Court held that such petitioners could elect between resubmitting a federal habeas petition with only exhausted claims, or to exhaust the remainder of the claims in state court. See Rose v. Lundy, 455 U.S. at 520. Since AEDPA's enactment, courts disagree as to the proper response where a prisoner has exhausted state remedies as to some, but not all, claims in a habeas petitioner under § 2254. Most Courts of Appeals authorize an equitable "stay and abeyance" approach, wherein the federal court may hold the federal habeas case in abeyance to allow the petitioner to submit the unexhausted claims for state court review. See, e.g., Delong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013)(holding that, where a federal habeas petitioner presents a mixed petition, the district court must advise the petitioner of his option to

either "delete his unexhausted claims," or "stay the mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims," but advising that the "wiser option" is to delete the unexhausted claims).

The Tenth Circuit authorizes four approaches. First, the district court may employ the stay-and-abeyance approach, but only "if the equities favor such an approach." Wood v. McCollum, 833 F.3d 1272, 1273 (10th Cir. 2016). The Supreme Court discussed the circumstances under which the district could should use this approach:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . .
>
> . . . [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

Rhines v. Weber, 544 U.S. 269, 270 (2005). See Fairchild v. Workman, 579 F.3d 1134, 1153 (10th Cir. 2009)(noting that the "stay and abeyance" approach is proper when the petition contains potentially meritorious claims and the petitioner can demonstrate good cause for failure to exhaust). Second, the district court may allow the petitioner to delete the unexhausted claim from his petition and proceed only on the exhausted claims. Wood v. McCollum, 833 F.3d at 1273. See Farris v. Boraddus, 418 App'x 694, 696 (10th Cir. 2011)(unpublished). Third, the district court may "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies[.]" Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002). Finally, the court may

"deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d at 1235. A district court

may not, however, deny some claims on the merits and dismiss others without prejudice. See

Wood v. McCollum, 833 F.3d at 1274 (citing Moore v. Schoeman, 288 F.3d at 1232).

The Court will employ the fourth option and deny Ordoñez' Petition on the merits. See

Moore v. Schoeman, 288 F.3d at 1235 (holding that "individual, unexhausted claims may be

denied, but only if the result allows the court to determine the entire petition on the merits."). The

Petition is barred by the statute of limitations and Ordoñez does not state a claim for § 2254 relief.

Although it is not absolutely clear that Ordoñez exhausted his state court remedies, the Court will

not dismiss for lack of exhaustion but, instead, will review and deny his Petition on the merits.

See 28 U.S.C. § 2254(b)(2); Bartone v. United States, 375 U.S. at 54. See also Harris v. Champion,

15 F.3d at 1554-55; Hankins v. Fulcomer, 941 F.2d 246, 250 (3d Cir. 1991).

## II.     THE ONE-YEAR STATUTE OF LIMITATION BARS ORDOÑEZ' CLAIMS.

Section § 2244(d) "is not jurisdictional, but rather is subject to equitable tolling." Burger

v. Scott, 317 F.3d at 1141. The Court will decide first whether Ordoñez met § 2244(d)'s limitation

period. Ordoñez' New Mexico conviction and sentence became final no later than June, 2010,

ninety days after the Supreme Court of New Mexico issued its denial of certiorari on direct appeal.

See Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)(concluding that, under § 2244, if a

prisoner does not directly appeal to the Supreme Court, a state conviction becomes final ninety

days after the state's highest court decides the conviction, at which point the one-year limitation

begins to run). Ordoñez' one-year AEDPA limitation period expired by the end of June, 2011.

See 28 U.S.C. § 2244(d)(1)(A); Locke v. Saffle, 237 F.3d at 1272. Ordoñez did not file any request

for post-conviction relief in either state or federal court until his state Petition for Writ of Habeas

Corpus on October 19, 2016, five years after the one-year federal limitation period expired.

Ordoñez filed three post-appeal requests for copies of pleadings and hearing tape recordings on January 17, 2012, December 3, 2012, and September 9, 2013. See D-619-CR-2007-00217, court docket. The copy requests are not substantive requests for relief from his conviction or sentence, and Ordoñez made the first request after the one-year statute of limitations had already run on his § 2254 claim. His post-appeal requests for copies of filings and tape recordings do not serve to toll the statute of limitations' running. See Carey v. Saffold, 536 U.S. at 219-20.

Nor do Ordoñez' vague, unsupported, contentions that he is "mentally disable[d]," "mentally retarted," [sic] or "slow," provide a basis for equitable tolling in this case. Petition at 5, 6, 13. The Court of Appeals of New Mexico' decision refutes his allegations of mental incompetency. See State v. Ordonez, 2010 WL 3997930, at *1-2. Ordoñez does not challenge the state court's findings and conclusions in his federal Petition. See Wilson v. Sellers, 138 S. Ct. at 1192. Further, he presents no specific factual allegations or evidence to show that, after his conviction and sentence became final, mental incompetency prevented him from pursing his federal habeas claims such that the Court should equitably toll the limitations period. See Marsh v. Soares, 223 F.3d at 1220. The Petition's allegations and the attachments, and the state court record do not demonstrate that Ordoñez diligently pursued his claims or that extraordinary circumstances beyond his control caused his untimely filing. See Burger v. Scott, 317 F.3d at 1141 (describing justifications for equitable tolling). Accordingly § 2244(d)'s statute of limitations bars Ordoñez' claims. See Miller v. Marr, 141 F.3d at 977-78.

III.    **ORDOÑEZ IS NOT ELIGIBLE FOR RELIEF UNDER § 2254.**

Even if the one-year statute of limitations did not bar his claims, on the merits, Ordoñez is not eligible for relief under § 2254. His vague and generalized allegations do not state a claim for relief from his state court conviction or sentence. It is unclear whether Ordoñez' allegations of

self-defense relate to his conviction or whether they arise out of his post-conviction conditions of confinement. His federal habeas corpus Petition does not articulate any facts in support of his claims that he acted in self-defense or that a man tried to kill him. See Petition at 2-7. His state habeas filing alleges he "was hospitalized under treatment guardian and later stabbed (17) times by other inmates." Petition at 20. In its Order dismissing his state habeas corpus petition, the state judge characterized these allegations as directed to post-conviction conditions. See No. D-619-CR-2007-00217, Order Dismissing Petition for Writ of Habeas Corpus at 2 (December 5, 2016).

Even if Ordoñez' self-defense allegations relate to his state conviction or sentence, the bare-bones statements in the Petition are insufficient to state any claim for habeas corpus relief. The allegations do not show how lack of consideration or erroneous determination of his self-defense argument resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1). Nor could Ordoñez' allegations show that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(2); Wilson v. Sellers, 138 S. Ct. at 1192 (noting that the "federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable").

Similarly, Ordoñez' competency and ineffective assistance of counsel contentions do not state a claim for relief under § 2254. The issues that Ordoñez raised in this proceeding are identical to the issues he raised in his state direct appeal and habeas corpus proceeding. See Petition at 16-20; State v. Ordonez, 2010 WL 3997930 at *1-2. The state courts ruled on Ordoñez' direct appeal and habeas corpus petition in decisions that include findings, analysis of the state precedent applied to the facts, and conclusions of law. See State v. Ordonez, D-619-CR-2007-00217, Order

Dismissing Petition for Writ of Habeas Corpus (December 5, 2016); State v. Ordonez, 2010 WL 3997930 at *1-2. Neither decision involves any question of federal law, and Ordoñez does not articulate how the state court's rulings were violative of the Constitution of the United States of America or federal law. The Court concludes that the state court decisions were a reasonable application of law and were based on reasonable factual determinations in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d)(1) and (2). The Court will defer to the state courts' reasons and decline to issue a writ of habeas corpus because reasonable minds could not differ that the Petition presents no issue inconsistent with Supreme Court precedent or constitutional law. See Harrington v. Richter, 562 U.S. at 102 (noting that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable," and describing AEDPA as intentionally imposing a "difficult" standard, just "short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings."); Wilson v. Sellers, 138 S. Ct. at 1192.

## IV.    THE COURT WILL GRANT PETITIONER LEAVE TO AMEND.

The Petition does not state any claim for habeas corpus relief and appears to be barred by the statute of limitations. However, due to the vagueness and lack of clarity of the Petition's allegations, the Court will allow Ordoñez to file an amended petition to try to remedy the defects in his pleadings. See Hall v. Bellmon, 935 F.2d at 1109 ("[T]hat pro se litigants have notice and opportunity to avoid dismissal of their legitimate claims by amending and supporting their pleadings militates against equating § 1915(d) and Rule 12(b)(6) standards."). If Ordoñez chooses to file an amended petition, he must specifically allege facts sufficient to demonstrate the constitutional invalidity of his state criminal conviction or sentence. See Wilson v. Sellers, 138 S. Ct. at 1192. He must also present a factual basis for equitable tolling of the statute of limitations.

See <u>Marsh v. Soares</u>, 223 F.3d at 1220. If Ordoñez does not file an amended petition or files another insufficient petition, the Court may dismiss this case with prejudice and without further notice.

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 2, 2017 (Doc. 1), is denied without prejudice; and (ii) Petitioner is granted thirty days from the date of entry of this Memorandum Opinion and Order to file an amended petition for writ of habeas corpus consistent with this Opinion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jeremiah Ordoñez
Los Lunas, New Mexico

      *Petitioner pro se*