# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEREMIAH ORDOÑEZ,

       Petitioner,

vs.                                   No. CV 17-00997 KWR/KK

KEN SMITH,

       Respondent.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings in the District Court on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jeremiah Ordoñez. (Doc. 1). The Court will dismiss the Petition, with prejudice, for failure to state a claim on which § 2254 relief can be granted and as barred by the statute of limitations.

Petitioner, Jeremiah Ordoñez, filed his pro se Petition under 28 U.S.C. § 2254. (Doc. 1). On December 31, 2019, the Court entered a Memorandum Opinion and Order dismissing Petitioner Ordoñez's claims without prejudice under Rule 4 of the Rules Governing Section 2254 Proceedings. (Doc. 6). The Court also granted Petitioner Ordoñez leave to file an amended Petition within 30 days after entry of the Memorandum Opinion and Order. (Doc. 6 at 17-18). The Court's Memorandum Opinion and Order notified Petitioner Ordoñez that, if he did not file a timely amendment to the Petition, the Court would enter a final dismissal of the case with prejudice. (Doc. 6 at 17-18). Petitioner Ordoñez did not file an amended petition, did not respond

to the Court's Memorandum Opinion and Order, and has not otherwise communicated with the Court.

In its prior Memorandum Opinion and Order, the Court concluded that Petitioner Ordoñez may have failed to fully exhaust his state court remedies, his claims are barred by the one-year statute of limitations, and he is not eligible for § 2254 relief on the merits. (Doc. 6 at 1). The Court noted that where a habeas petitioner presents a possible mixed petition of exhausted and unexhausted claims, the Court should ordinarily require Ordoñez to pursue his available state remedies. (Doc. 6 at 10-12). However, because his Petition is barred by the statute of limitations and his allegations do not state a claim for § 2254 relief, it is unnecessary to reach the exhaustion question and it would not serve the purposes of the exhaustion doctrine to bar consideration of his claims. *Granberry v. Greer,* 481 U.S. 129, 131 (1987). *See* 28 U.S.C. § 2254(b)(2); *Bartone v. United States,* 375 U.S. 52, 54 (1963). *See also Harris v. Champion*, 15 F.3d 1538, 1554–55 (10th Cir. 1994); *Hankins v. Fulcomer,* 941 F.2d 246, 250 (3d Cir.1991).

With respect to the statute of limitations, Petitioner's New Mexico conviction and sentence became final no later than June 2010, ninety days after the New Mexico Supreme Court issued its denial of certiorari on direct appeal. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The 1-year AEDPA limitation period expired by the end of June, 2011. 28 U.S.C. § 2244(d)(1)(A); *Locke*, 237 F.3d at 1273. Ordoñez did not file any request for post-conviction relief in either state or federal court until his state Petition for Writ of Habeas Corpus in October 19, 2016, five years after the 1-year federal limitation period expired. (Doc. 6 at 12-13). The allegations of his Petition, the attachments, and the state court record do not demonstrate that Petitioner diligently pursued his claims or demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Petitioner's request for § 2254 relief was not filed within one year after his state conviction became final and his claims are time-barred by the § 2244(d) statute of limitations. *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998).

Last, the Court determined that Petitioner's § 2254 claims fail on the merits. (Doc. 6 at 13-15). Petitioner's self-defense allegations are insufficient to state any claim for habeas corpus relief. The allegations fail to show how lack of consideration or erroneous determination of his self-defense argument resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2); *Wilson v. Sellers*, 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018).

Similarly, the competency and ineffective assistance of counsel claims advanced by Ordoñez fail to state a claim for relief under § 2254. The issues raised by Petitioner Ordoñez in this proceeding are identical to the issues he raised in his state direct appeal and habeas corpus proceeding. (Doc. 1 at 16-20; *State v. Ordonez*, 2010 WL 3997930 at *1-2). Neither decision involved any question of federal law, and Petitioner Ordoñez does not articulate how the state court's rulings were violative of the constitution or federal law. This Court concluded that the state court decisions were a reasonable application of law and were based on a reasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 28 U.S.C. § 2254(d)(1) and (2); *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *Wilson v. Sellers*, 138 S.Ct. at 1192.

When the Court dismisses a pro se Petition, the Court is to allow Petitioner an opportunity to amend the complaint to remedy defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d 124,

126 (10th Cir. 1990); *Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991). Petitioner Ordoñez was given the opportunity to amend his Petition and has failed to do so within the time allowed by the Court. Therefore, the Court will now dismiss this case, with prejudice, under Rule 4 of the Rules Governing Section 2254 Proceedings on the grounds that his claims are barred by the one-year statute of limitations and he is not eligible for § 2254 relief on the merits. *Hall v. Bellmon,* 935 F.2d at 1109-10.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Jeremiah Ordoñez (Doc. 1) is **DISMISSED with prejudice** and judgment will be entered.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE